JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED

DEC 15 2000

Michael N. Milby
Clerk of Court

**I. (a) PLAINTIFFS**

Gervais Wagner, M. D.

Rct. 114515

**DEFENDANTS**

Southwest Airlines, Co.

B-00-189

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Hidalgo
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

B. Buck Pettitt
Flores, Casso & Pettitt, L. L. P.
321 South Street, P. O. Box 2128
McAllen, Texas 78505-2128  (956)686-9591

ATTORNEYS (IF KNOWN)

William L. Maynard    (713) 623-0887
John V. Trevino
Beirne, Maynard & Parsons, L. L. P.
1300 Post Oak Blvd, 25th Fl., Houston, Texas 77056

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

This case is preempted by the Airline Deregulation Act. See 49 U. S. C. Sec. 44902 (1997). In addition, this action involves interpretation of a federal statute, specifically, 14 C. F. R. Sec. 121 (1997)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint. JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE: 12/14/00

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG JUDGE ____

This form was electronically produced by Elite Federal Forms, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 5 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GERVAIS WAGNER, M.D. | § |
| | § |
| VS. | § C. A. NO. B-00-189 |
| | § |
| SOUTHWEST AIRLINES, CO. | § |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Southwest Airlines, Inc. ("Southwest Airlines") files this Notice of Removal to remove the above-styled cause from the 197th Judicial District Court of Cameron County, Texas. The grounds for removal are as follows:

1. On or about November 17, 2000, Plaintiff filed his Original Petition in the 197th Judicial District Court, Cameron County, Texas, styled *"Gervais Wagner, M.D. vs. Southwest Airlines, Co."* Cause No. 2000-11-4711C. A copy of the Original Petition is attached as **Exhibit "B"**.

2. Defendant Southwest was served on or about November 17, 2000.

3. Plaintiff's claims arise out of his alleged personal injury which he alleges were sustained when he was a passenger on Southwest Airlines flight #1370 from Houston, Texas to Harlingen, Texas. Plaintiff alleges that he heard a continuous high-pitched noise through the duration of the flight, and that this noise caused injury to Plaintiff's ear. Plaintiff further alleges that Southwest failed to properly perform maintenance on the aircraft wing exit doors which he alleges caused the noise. As stated herein below, this case requires the interpretation and application of federal statutes and regulations concerning, among other things, aircraft service and maintenance. Plaintiff's actions are preempted by the Airline Deregulation Act and otherwise invoke federal

263956.1                                                        1

question jurisdiction. In addition, federal courts have jurisdiction over Plaintiff's claims because those claims can only be resolved by the Court's interpretation of a federal statute. Specifically, Southwest Airlines is required to perform aircraft service and maintenance pursuant to the Airline Deregulation Act, 49 U.S.C. § 41713 (1997). Therefore, this Court has original federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 (1994).

4. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after receipt by a defendant of a copy of an initial pleading setting forth a claim for relief upon which such action or proceeding is based.

5. Southwest Airlines is promptly giving notice of the filing of this Notice of Removal to Plaintiff through his attorney B. Buck Pettitt, Flores, Casso & Pettitt, LLP. Southwest Airlines is filing a copy of this Notice of Removal with the Clerk of the Court for the 197th Judicial District Court, Cameron County, Texas.

6. Defendant denies any liability herein on its part and disputes such claims made by Plaintiff and states that it has valid defenses. By filing this Notice of Removal, Defendant does not waive any defenses which may be available to it, specifically including, but not limited to, its right to contest jurisdiction, venue, or service of process, or to file a plea in abatement or a motion to dismiss.

I.

<u>**Complete Federal Preemption**</u>

7. The Airline Deregulation Act expressly preempts any state law causes of action based on rates, routes or services on an air carrier. *See* 49 U.S.C. § 41713 (1997). Plaintiff's claims are entirely related to the services provided by Southwest Airlines.

263956.1                                    2

8.   Plaintiff alleges that he suffered injuries due to Southwest Airlines' alleged failure to maintain and to service properly its aircraft. Under the Airline Deregulation Act, services are defined as:

> [a] bargained-for or anticipated provision of labor from one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service. Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these [contractual] features of air transportation that we believe Congress intended to deregulate as "services" and broadly to protect from state regulation.

*See Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (citing *Hodges v. Delta Inc.*, 4 F.3d at 350, 354 (5th Cir. 1993) and noting that the court *en banc* adhered to the definition of "services" set forth in the panel opinion). Plaintiff bargained with Southwest Airlines to provide him a safe and secure passage from Houston to Harlingen. Naturally, the contractual agreement between the parties delegates the duty of providing a safe and secure aircraft to transport Southwest Airlines' passengers to their final destination. Therefore, Southwest Airlines' maintenance to its aircraft is a product of Southwest Airlines' service of providing a safe means of transportation for its passengers.

9.   Other courts have held that Congress has preempted the field of air safety. *Abdullah v. American Airlines, Inc.*, 181 F.3d 363 (3d Cir. 1999). In *Abdullah*, Plaintiffs on an American Airlines flight were injured when the aircraft encountered severe turbulence. The Third Circuit held that the Federal Aviation Act, enacted in 1958, Pub. L. No. 85-726, 72 Stat. 731 (codified as

263956.1                                3

amended at 49 U.S.C. §§ 40101-49105 ("FAA")), and relevant federal regulations establish complete and thorough safety standards for interstate and international air transportation that are not subject to supplementation by, or variation among, jurisdictions. *Id.* at 367. The court held that federal law establishes the applicable standards of care in the field of air safety generally, thus preempting the entire field from state and territorial regulation. *Id.* Specifically, the court concluded that the broad scope of the FAA and the FAA regulations themselves preempt state and territorial regulations.

## II.
### Removal to Federal Court Is Also Proper Because Plaintiff's Claims Require the Court to Interpret Federal Law

10. Congress has promulgated regulations which are enforced by the Federal Aviation Administration and relate to air travel and maintenance of aircraft. These regulations are relevant in evaluating Plaintiff's claims. Therefore, this matter involves a federal question requiring removal to this Court. Specifically, airlines are required to provide safe air transportation and service to its passengers, including conducting preventive maintenance and service program that provides for maintaining aircraft for the safety of persons and property traveling in air transportation and interstate air transportation. 14 C.F.R. 121; *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Southwest Airlines' actions and duties to Plaintiff are heavily regulated by the federal government and the rules enforced by the Federal Aviation Administration. Because Plaintiff's claims bring into question the reasonableness of the actions taken by Defendant, the court considering these causes of action must evaluate Defendant's compliance with these regulations. Therefore, removal to this Court is proper because suits arising under a federal statute plainly come within the jurisdiction of the federal courts. *See Sam L. Majors Jewelers v. ABX Inc.,* 117 F.3d 922 (5th Cir. 1997).

263956.1                                                          4

## III.

## List of Exhibits

11. A copy of the state court's docket sheet is attached as **Exhibit "A."**

12. A copy of Plaintiff's Original Petition is attached as **Exhibit "B."**

13. A copy of Rule 11 is attached as **Exhibit "C".**

14. A copy of all service of process is attached as **Exhibit "D."**

15. An index of matters being filed is attached as **Exhibit "E."**

16. A list of all counsel of record is attached as **Exhibit "F."**

17. A copy of all documents required to be filed pursuant to 28 U.S.C. § 1446(a) and LR 81 are attached hereto as **Exhibits "A" through "F."**

WHEREFORE, pursuant to 28 U.S.C. 1446(b), Defendants Southwest Airlines, Inc. hereby removes Cause No. 2000-11-4711-C from the 197th Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

_____
William L. Maynard
TBA No. 13295500
Federal I.D. No. 1301
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, TX 77056
713/623-0887 Telephone
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 Telecopier
ATTORNEY-IN-CHARGE FOR
DEFENDANTS SOUTHWEST
AIRLINES, INC.

OF COUNSEL:

Beirne, Maynard & Parsons, L.L.P.
John V. Treviño, Jr.
TBA No. 24003082
Federal I.D. No. 23860
1300 Post Oak Blvd.
Houston, Texas 77056
(713) 623-0887 Telephone
(713) 960-1527 Telecopier

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing **Notice of Removal** has been served via certified mail, return receipt requested, on all known counsel of record on the ___ day of December 2000, as follows:

B. Buck Pettitt
Flores, Casso & Pettitt, LLP
321 South 12th Street
P. O. Box 2128
McAllen, TX 78505-2128

                                          _____
                                          John V. Treviño, Jr.

ClibPDF - www.fastio.com

```
RUN DATE 12/15/00
RUN TIME 9:21 AM
```

PAGE: C1

2000-31-004712-C

* * * CLERK'S ENTRIES * * *

GEAVRIS WAGNER, M.D.

VS

SOUTHWEST AIRLINES, CO.

0004 1105
B. BUCK PETTITT
P.O. BOX 2128
MCALLEN, TX.

78502 0000     (10)    DAMAGES     11  17  00

12/27/00 ORIGINAL PETITION FILED
11/17/00 CITATION: SOUTHWEST AIRLINES, CO.
             SERVED: 11/22/00
11/17/00             FILED: 12/05/00
12/12/00 RULE 11 AGREEMENT/DISCORERY

CAUSE NO. 2000-11-4711-C

| | | |
|---|---|---|
| GERVAIS WAGNER, M.D., Plaintiff | § § § | IN THE DISTRICT COURT OF |
| v. | § § | CAMERON COUNTY, TEXAS |
| SOUTHWEST AIRLINES, CO., Defendant | § § § | 197th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

FILED 3:10 O'CLOCK P.M.
AURORA DE LA GARZA DIST. CLERK
NOV 17 2000
DIST. COURT OF CAMERON COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW GERVAIS WAGNER, MD., Plaintiff in the above-entitled and numbered cause, complaining of SOUTHWEST AIRLINES, CO., Defendant herein, and for cause of action would show unto the Court each of the following particulars:

I.

Plaintiff alleges that discovery herein is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

II.

### Parties

Plaintiff GERVAIS WAGNER, M.D., is a resident of Hidalgo County, Texas, and brings this suit for personal injury damages.

---

Gervais Wagner, M.D. v Southwest Airlines, Co.
Plaintiff's Original Petition
pg. 1 of 4 pgs.

Defendant **SOUTHWEST AIRLINES, CO.** is licensed to do business in the State of Texas and may be served with citation by serving its registered agent for service: Mr. Herbert C. Kelleher, 2702 Lucille Drive, Dallas, Texas 75235.

III.

Factual Allegations

On or about November 25, 1998, Plaintiff **GERVAIS WAGNER, M.D.** was traveling from Houston to Harlingen, Cameron County, Texas, on an airline ticket purchased from Defendant **SOUTHWEST AIRLINES, CO.** While Plaintiff was on route to Harlingen, Texas, on Flight #1370, Plaintiff heard a continuous noise which lasted the duration until the flight landed. This high pitch sound caused Plaintiff's ear injuries.

IV.

Causes of Action

On the occasion in question, Defendant **SOUTHWEST AIRLINES CO.** was negligent, and that negligence proximately caused the personal injuries complained of herein. The negligent acts and/or omissions of the Defendant were a follows:

1. Defendant **Southwest Airlines Co.**, failed to properly adjust "door stops" on the "over the wing" exit on the aircraft in Houston, Texas.

2. Defendant **Southwest Airlines Co.**, failed to check for proper fit of the door stops on this exit door before placing the aircraft back into service.

3. Defendant **Southwest Airlines Co.**, negligent maintenance caused the loud noise to transmit to the passengers especially those closest to the exit door.

*Gervais Wagner, M.D. v. Southwest Airlines, Co.*
Plaintiff's Original Petition
pg. 2 of 4 pgs.

Received   12-12-00   14:14     From-956 544 0841     To-BEIRNE MAYNARD     Page 07

Each of the foregoing acts and/or omissions of negligence, singularly or in any combination thereof, proximately caused the resulting injuries and damages of Plaintiff.

V.

Damages

As a result of the Defendant's acts and/or omissions of negligence, Plaintiff has suffered damages in the past and will continue to suffer damages in the future in the following particulars:

a. Physical pain and suffering.

b. Physical impairment and incapacity.

c. Mental anguish.

d. Reasonable and necessary medical expenses.

e. Loss of earning capacity.

f. Loss of earnings.

The above and foregoing acts and/or omission of negligence committed by Defendant has caused Plaintiff damages within the jurisdictional limits of this Court. Plaintiff further claims pre-judgment interest and post-judgment interest on the damages suffered as a result of the injuries in question.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendant be cited to appear and answer in this cause, and that upon final trial hereof he recover judgment against the Defendant for all his damages allowed by law, together with costs of

*Gervais Wagner, M.D. v. Southwest Airlines, Co.*
Plaintiff's Original Petition
pg. 3 of 4 pgs.

court, interest both pre-judgment and post-judgment at the maximum lawful rates, and for such other and further relief, both general and special, and at law or in equity, to which he may show himself justly entitled to receive.

Respectfully submitted,

**FLORES, CASSO & PETTITT, L.L.P.**
321 South 12th Street
P.O. Box 2128
McAllen, Texas 78505-2128
(956) 686-9591
(956) 686-9478 [fax]

By: _____
B. Buck Pettitt
Texas State Bar No. 15863000

**ATTORNEY FOR PLAINTIFF
GERVAIS WAGNER, M.D.**

*Gervais Wagner, M.D. v. Southwest Airlines, Co.*
Plaintiff's Original Petition
pg. 4 of 4 pgs.

DEC-12-2000 TUE 03:28 PM DE LA GARZA DIST CLERK    FAX NO. 956 544 0841    P. 03
12-07-2000  15:38   9566859478          FLORES, CASSO & PETTITT, L.L.P.          P. 02
12-07-00  14:05  From-BEIRNE MAY            7138600834       T-925  P 02/02  F-467

# BEIRNE, MAYNARD & PARSONS, L.L.P.

**Original**

WILLIAM L. MAYNARD

BOARD CERTIFIED
CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

1300 POST OAK BOULEVARD
SUITE 2500
HOUSTON, TEXAS 77056-3000
(713) 623-0887
FAX (713) 960-1527

email: wmaynard@bmpllp.com

December 7, 2000



FILED 4:35 O'CLOCK
AURORA DE LA GARZA CLERK
DEC 11 2000
DISTRICT COURT OF CAMERON CO. TEXAS
DEPUTY

By Facsimile to: 956/ 686-9478
Mr. B. Buck Pettitt
FLORES, CASSO & PETTITT, L.L.P.
321 South 12th Street
P.O. Box 2128
Harlingen, Texas 78505-2128

Re: Cause No. 2000-11-4711-C; *Gervais Wagner, M.D. v. Southwest Airlines, Co.*;
In the 197th Judicial District Court of Cameron County, Texas

Dear Mr. Pettitt:

This letter will confirm our telephone conversation of even date with your secretary, Peggy, wherein you agreed to extend the time to answer the original petition for two (2) weeks, on or before Thursday, December 21, 2000. If this comports with your understanding of our agreement, please sign in the space below and fax this letter back to us.

Thank you for your cooperation.

Very truly yours,

William L. Maynard

WLM/bb

AGREED:

B. Buck Pettitt                12-7-00
                                Date

262995.1
#000830

Received  12-07-00   15:41    From-9566859478         To-BEIRNE MAYNARD    Page 02
Received  12-12-00   14:14    From-956 544 0841       To-BEIRNE MAYNARD    Page 03

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2000-11-004711-C    ORIGINAL

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: SOUTHWEST AIRLINES, CO.
SERVING ITS REGISTERED AGENT
MR. HERBERT C. KELLEHER
2702 LUCILLE DRIVE
DALLAS, TEXAS 75235

the DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said PETITION was filed on NOVEMBER 17, 2000. A copy of same accompanies this citation.

The file number of said suit being No. 2000-11-004711-C.

The style of the case is:

GERVAIS WAGNER, M.D.
VS.
SOUTHWEST AIRLINES, CO.

Said petition was filed in said court by HON. B. BUCK PETTITT (Attorney for PLAINTIFF), whose address is P.O. DRAWER 2285 MCALLEN, TEXAS 78502-2285.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 17th day of NOVEMBER, A.D. 2000.

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

_____, Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GERVAIS WAGNER, M.D. | § |
| | § |
| VS. | § C. A. NO. B-00-189 |
| | § |
| SOUTHWEST AIRLINES, CO. | § |

### INDEX OF MATTERS BEING FILED

1. Civil Cover Sheet

2. Notice of Removal

    A. State Court Docket Sheet

    B. Plaintiff's Original Petition

    C. Rule 11 Agreement

    D. Copy of Service of Process

    E. Index of Matters Being Filed

    F. List of Counsel

Respectfully submitted,

_[signature]_
William L. Maynard
TBA No. 13295500
Federal I.D. No. 1301

ATTORNEY-IN-CHARGE FOR
DEFENDANTS SOUTHWEST
AIRLINES, INC.

263977.1     1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GERVAIS WAGNER, M.D. | § | |
| | § | |
| VS. | § | C. A. NO. B-00-189 |
| | § | |
| SOUTHWEST AIRLINES, CO. | § | |

## LIST OF COUNSEL

**Plaintiff's Counsel:**

B. Buck Pettitt
State Bar No. 15863000
Flores, Casso & Pettitt, LLP
321 South 12th Street
P. O. Box 2128
McAllen, TX 78505-2128
956/686-9591
956/686-9478 (Fax)

**Counsel for Defendant Southwest Airlines**
William L. Maynard
TBA No. 13295500
Federal I.D. No. 1301
John V. Treviño, Jr.
TBA No. 24003082
Federal I.D. No. 23860
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., 25th Floor
Houston, TX 77056
713/623-0887
713/960-1527 (Fax)

263978.1                              1