3

United States District Court
Southern District of Texas
FILED

DEC 1 8 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GERVAIS WAGNER, M.D      §

     §

VS.      §      C. A. NO. B-00-189

     §

SOUTHWEST AIRLINES, CO.      §

## AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446 and the Federal Rules of Civil Procedure, Defendant Southwest Airlines, Inc. ("Southwest Airlines") files this Amended Notice of Removal to remove the above-styled case from the 197th Judicial District Court of Cameron County, Texas. The grounds for removal are as follows:

a.      On or about November 17, 2000, Plaintiff filed his Original Petition in the 197th Judicial District Court, Cameron County, Texas, styled and numbered: *"Gervais Wagner, M.D. vs. Southwest Airlines, Co.;* Cause No. 2000-11-4711C." A copy of the Original Petition is attached as Exhibit "B".

b.      Defendant Southwest Airlines was served on or about November 17, 2000. On December 15, 2000, Southwest Airlines filed its Notice of Removal with the Court. Southwest Airlines now files this Amended Notice of Removal. Afer removal, a defendant may amend its notice of removal within the original thirty-day period as set forth in 28 U.S.C. § 1446(b). *Moody v. Commercial Ins. Co.*, 753 F.Supp. 198, 201 (N.D. Tex. 1990); *accord Spillers v. Tillman*, 959 F.Supp. 364, 372 (S.D. Miss. 1997). Therefore, this Amended Notice of Removal is timely filed, the thirty-day period being calculated from the service of citation on Southwest

Airlines, and the last day of such period being Monday, December 18, 2000.  28 U.S.C. § 1446; Fed. R. Civ. P. 6(a).

c.      Plaintiff's claims arise out of his alleged personal injuries which Plaintiff alleges were sustained when he was a passenger on Southwest Airlines flight #1370 from Houston, Texas to Harlingen, Texas.  Plaintiff alleges that he heard a continuous high-pitched noise throughout the duration of the flight, and that this noise caused injury to Plaintiff's ear.  Plaintiff further alleges that Southwest failed to perform proper maintenance on the aircraft wing exit doors, which he alleges caused the noise.  As stated below, this case requires the interpretation and application of federal statutes and regulations concerning, among other things, aircraft safety, service, and maintenance.  Plaintiff's actions are preempted by the Federal Aviation Act, federal common law, the Airline Deregulation Act, and otherwise invoke federal question jurisdiction. Therefore, this Court has original federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 (1994).

d.      Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after receipt by a defendant of a copy of an initial pleading setting forth a claim for relief upon which such action or proceeding is based.

e.      Southwest Airlines is promptly giving notice of the filing of this Amended Notice of Removal to Plaintiff through his attorney B. Buck Pettitt, Flores, Casso & Pettitt, LLP. Southwest Airlines is filing a copy of this Notice of Removal with the Clerk of the Court for the 197th Judicial District Court, Cameron County, Texas.

f.      Defendant denies any liability herein on its part and disputes such claims made by

264215.1

Plaintiff and states that it has valid defenses. By filing this Amended Notice of Removal, Defendant does not waive any defenses which may be available to it, specifically including, but not limited to, its right to contest jurisdiction, venue, or service of process, or to file a plea in abatement or a motion to dismiss.

## I.

## Complete Federal Preemption

g.     The Plaintiff's Petition and the claims asserted therein are completely preempted by federal law. *Abdullah v. American Airlines, Inc.*, 181 F.3d 363 (3rd Cir. 1999); *French v. Pan Am Express, Inc.*, 869 F.2d 1 (1st Cir. 1989). Plaintiff's claims constitute a direct challenge to the United States Government and its Department of Transportation ("DOT") and the Federal Aviation Administration ("FAA"), regarding their strict and pervasive certification and regulatory authority and control of the standards under which Southwest Airlines maintains its fleet of aircraft. Included within such pervasive Governmental control are the regulations and procedures under which the DOT and FAA regulate and authorize the design, manufacture, and maintenance of aircraft and issue FAA Type Certificates.

h.     In order to operate aircraft, Southwest Airlines must conform to the detailed and precise requirements of the Federal Aviation Regulations ("FAR's") and Code of Federal Regulations ("CFR's") that apply to maintenance and inspection procedures, among other things. Federal law deprives states of the power to act in this arena. The individual states do not–and cannot–issue or countermand procedures for inspection and/or maintenance of commercial aircraft. The DOT and FAA perform and regulate this function. Once the federal laws and

264215.1

standards are met, the airlines have governmental approval to operate.

i.     The United States government's preemption of the field of aviation in this case is total, complete, pervasive, and entirely preemptive of state law. As such, the Plaintiff's claims challenging Southwest's maintenance procedures are totally preempted by the federal laws that completely occupy this field. Thus, the claims asserted by Plaintiff have been preempted by federal law, including, but not limited to the applicable provisions of the Federal Aviation Act of 1958, Public Law No. 85-726, 72 Stat. 731 codified as amended in Chapter 49 U.S.C., including, but not limited to 49 U.S.C. 40101-49105 ("the Act"), and the FAR's and CFR's, including, but not limited to the provisions of FAR and CFR Parts 121, 125, 129, and 135.

## II.

### Removal to Federal Court Is Also Proper Because Plaintiff's Claims Require the Court to Interpret Federal Law

j.     Congress has promulgated regulations which are enforced by the Federal Aviation Administration and relate to air travel and maintenance of aircraft. These regulations are relevant in evaluating Plaintiff's claims. Therefore, this matter involves a federal question, requiring removal to this Court. Specifically, airlines are required to provide air transportation only on aircraft inspected and maintained pursuant to federally regulated preventive maintenance and service programs. 14 C.F.R. Parts 121, 125, 129, and 135.

k.     Southwest Airlines' actions and duties to Plaintiff are heavily regulated by the federal government and the rules enforced by the Federal Aviation Administration. Because Plaintiff's claims bring into question the reasonableness of the actions taken by Defendant, the court considering these causes of action must evaluate Defendant's compliance with these

264215.1

regulations. Therefore, removal to this Court is proper because claims arising under a federal regulations governing a field so extensively and comprehensively plainly come within the jurisdiction of the federal courts. *See Sam L. Majors Jewelers v. ABX Inc.*, 117 F.3d 922, 925 (5th Cir. 1997). Because the Government extensively regulates the area of air safety, and Plaintiff's claims squarely question Southwest Airlines compliance with such regulations, this Court has jurisdiction over this action.

## III.

### Federal Common Law

l.        The Plaintiff's claims also constitute a direct challenge to the United States Government and its aviation regulatory authority, regarding control of the standards under which operating approval is given and airworthiness certificates (or similar operating certificates) are issued to both the aircraft in question and to all other component parts.

m.        Other courts have held that Congress has preempted the field of air safety. *Abdullah v. American Airlines, Inc.*, 181 F.3d 363 (3d Cir. 1999). In *Abdullah,* Plaintiffs on an American Airlines flight were injured when the aircraft encountered severe turbulence. The Third Circuit held that the Federal Aviation Act, enacted in 1958, Pub. L. No. 85-726, 72 Stat. 731 (codified as amended at 49 U.S.C. §§ 40101-49105 (the "Act")), and related federal regulations establish complete and thorough safety standards for interstate and international air transportation that are not subject to supplementation by–or variation among–jurisdictions. *Abdullah,* 181 F.3d at 367. The court held that federal law establishes the applicable standards of care in the field of air safety generally, thus preempting the entire field from state and territorial

264215.1

CUtePDF - www.faxisa.com

regulation. *Id.* Specifically, the court concluded that the broad scope of the Act and the FAA regulations preempt state and territorial regulations.

n.      As detailed above, the claims by Plaintiff implicate and require adjudication of matters that have been preempted by federal laws, including federal common law. The cases interpreting the provisions of the Act, such as *Abdullah* and *French*, establish a body of common law that applies to the Plaintiffs's claims, and, therefore, provide an additional basis of federal question jurisdiction under principles of federal common law, which exist to protect uniquely federal interests like the regulation of air safety. *See Sam L. Majors*, 117 F.3d at 925-26.

## IV.

## Airline Deregulation Act Preempts State Law

o.      In addition to the forgoing, the Airline Deregulation Act expressly preempts any state law causes of action based on rates, routes or services on an air carrier. *See* 49 U.S.C. § 41713 (1997). Plaintiff's claims are entirely related to the services provided by Southwest Airlines.

p.      Plaintiff alleges that he suffered injuries due to Southwest Airlines' alleged failure to maintain and to service properly its aircraft. Plaintiff bargained with Southwest Airlines to provide him passage from Houston to Harlingen on an aircraft maintained in accordance with federal regulatory standards. Therefore, Southwest Airlines' maintenance to its aircraft is a part of Southwest Airlines' service of providing transportation for its passengers.

## V.

## List of Exhibits

264215.1

q.      A copy of the state court's docket sheet is attached as **Exhibit "A."**

r.      A copy of Plaintiff's Original Petition is attached as **Exhibit "B."**

s.      A copy of Rule 11 is attached as **Exhibit "C".**

t.      A copy of all service of process is attached as **Exhibit "D."**

u.      An index of matters being filed is attached as **Exhibit "E."**

v.      A list of all counsel of record is attached as **Exhibit "F."**

w.      A copy of all documents required to be filed pursuant to 28 U.S.C. § 1446(a) and

LR 81 are attached hereto as **Exhibits "A" through "F."**

WHEREFORE, pursuant to 28 U.S.C. 1446(b), Defendants Southwest Airlines, Inc.

hereby removes Cause No. 2000-11-4711-C from the 197th Judicial District Court of Cameron

County, Texas to the United States District Court for the Southern District of Texas,

Brownsville Division.

Respectfully submitted,

William L. Maynard
TBA No. 13295500
Federal I.D. No. 1301
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, TX 77056
713/623-0887 Telephone
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 Telecopier
ATTORNEY-IN-CHARGE FOR
DEFENDANT SOUTHWEST
AIRLINES, INC.

264215.1

OF COUNSEL:

Beirne, Maynard & Parsons, L.L.P.
John V. Treviño, Jr.
TBA No. 24003082
Federal I.D. No. 23860
1300 Post Oak Blvd.
Houston, Texas 77056
(713) 623-0887 Telephone
(713) 960-1527 Telecopier

264215.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Amended Notice of Removal** has been served via certified mail, return receipt requested, on all known counsel of record on the 18th day of December 2000, as follows:

B. Buck Pettitt
Flores, Casso & Pettitt, LLP
321 South 12th Street
P. O. Box 2128
McAllen, TX 78505-2128

John V. Treviño, Jr.

264215.1

# EXHIBIT A

RUN DATE 12/15/00
RUN TIME 9:21 AM

GERVAIS WAGNER, M.D.

VS

SOUTHWEST AIRLINES, CO.

CLERK'S ENTRIES

PAGE: 01

2000-11-05471L-C

00041105
B. BUCK PETTITT
P.O. BOX 2128
MCALLEN, TX.
78502 0000

;10)                    11   17   00

DAMAGES

11/17/00 ORIGINAL PETITION FILED
11/17/00 CITATION: SOUTHWEST AIRLINES, CO.
11/17/00 SERVED: 11/22/00 FILED: 12/05/00
12/17/00 RULE 11 AGREEMENT/ECOR:32

# EXHIBIT B

CitiPDF - www.fastio.com

CAUSE NO. _2000-11-4711-C_

| | | |
|---|---|---|
| GERVAIS WAGNER, M.D., | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| SOUTHWEST AIRLINES, CO., | § | _197th_ JUDICIAL DISTRICT |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL PETITION

FILED 3:10 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
NOV 17 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS

## TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **GERVAIS WAGNER, MD.**, Plaintiff in the above-entitled and numbered cause, complaining of **SOUTHWEST AIRLINES, CO.**, Defendant herein, and for cause of action would show unto the Court each of the following particulars:

### I.

Plaintiff alleges that discovery herein is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.

### Parties

Plaintiff **GERVAIS WAGNER, M.D.**, is a resident of Hidalgo County, Texas, and brings this suit for personal injury damages.

Defendant **SOUTHWEST AIRLINES, CO.** is licensed to do business in the State

of Texas and may be served with citation by serving its registered agent for service: Mr.

Herbert C. Kelleher, 2702 Lucille Drive, Dallas, Texas 75235.

III.

<u>Factual Allegations</u>

On or about November 25, 1998, Plaintiff **GERVAIS WAGNER, M.D.** was

traveling from Houston to Harlingen, Cameron County, Texas, on an airline ticket purchased

from Defendant **SOUTHWEST AIRLINES, CO.** While Plaintiff was on route to

Harlingen, Texas, on Flight #1370, Plaintiff heard a continuous noise which lasted the

duration until the flight landed. This high pitch sound caused Plaintiff's ear injuries.

IV.

<u>Causes of Action</u>

On the occasion in question, Defendant **SOUTHWEST AIRLINES CO.** was

negligent, and that negligence proximately caused the personal injuries complained of herein.

The negligent acts and/or omissions of the Defendant were a follows:

1.  Defendant Southwest Airlines Co., failed to properly adjust "door stops" on
    the "over the wing" exit on the aircraft in Houston, Texas.

2.  Defendant Southwest Airlines Co., failed to check for
    proper fit of the door stops on this exit door before placing the aircraft
    back into service.

3.  Defendant Southwest Airlines Co., negligent maintenance caused the loud
    noise to transmit to the passengers especially those closest to the exit door.

Each of the foregoing acts and/or omissions of negligence, singularly or in any

combination thereof, proximately caused the resulting injuries and damages of Plaintiff.

## V.

### Damages

As a result of the Defendant's acts and/or omissions of negligence, Plaintiff has

suffered damages in the past and will continue to suffer damages in the future in the

following particulars:

a.      Physical pain and suffering.

b.      Physical impairment and incapacity.

c.      Mental anguish.

d.      Reasonable and necessary medical expenses.

e.      Loss of earning capacity.

f.      Loss of earnings.

The above and foregoing acts and/or omission of negligence committed by Defendant

has caused Plaintiff damages within the jurisdictional limits of this Court. Plaintiff further

claims pre-judgment interest and post-judgment interest on the damages suffered as a result

of the injuries in question.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendant

be cited to appear and answer in this cause, and that upon final trial hereof he recover

judgment against the Defendant for all his damages allowed by law, together with costs of

---

*Gervais Wagner, M.D. v. Southwest Airlines, Co.*
Plaintiff's Original Petition
pg. 3 of 4 pgs.

court, interest both pre-judgment and post-judgment at the maximum lawful rates, and for

such other and further relief, both general and special, and at law or in equity, to which he

may show himself justly entitled to receive.

Respectfully submitted,

**FLORES, CASSO & PETTITT, L.L.P.**
321 South 12th Street
P.O. Box 2128
McAllen, Texas 78505-2128
(956) 686-9591
(956) 686-9478 [fax]

By: _____

B. Buck Pettitt
Texas State Bar No. 15863000

**ATTORNEY FOR PLAINTIFF**
**GERVAIS WAGNER, M.D.**

*Gervais Wagner, M.D. v. Southwest Airlines, Co.*
Plaintiff's Original Petition
pg. 4 of 4 pgs.

Received   12-12-00   14:14        From-956 544 0841                          To-BEIRNE MAYNARD          Page 08

# EXHIBIT C

CVISPDF - www.fasiio.com

12-18-00  14:10   From-BEIRNE MAYN...                    7139600934        T-324  P.15/21  F-977

DEC 14 2000 ...
13-07-2000  15:38   9566850478              FLORES, CASSO & PETTITT, L.L.P.     P.02
12-07-00  14:05   From-BEIRNE MAY                    7139600934        T-925  P 02/02  F-467

# Original

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 POST OAK BOULEVARD
SUITE 2500
HOUSTON, TEXAS 77056-3000

WILLIAM L. MAYNARD

BOARD CERTIFIED
CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

(713) 623-0887
FAX (713) 960-1327

email: wmaynard@bmpllp.com

December 7, 2000

**By Facsimile to: 956/ 686-9478**
Mr. B. Buck Pettitt
FLORES, CASSO & PETTITT, L.L.P.
321 South 12ᵗʰ Street
P.O. Box 2128
Harlingen, Texas 78505-2128

Re:   Cause No. 2000-11-4711-C; *Gervais Wagner, M.D. v. Southwest Airlines, Co.;*
      In the 197ᵗʰ Judicial District Court of Cameron County, Texas

Dear Mr. Pettitt:

This letter will confirm our telephone conversation of even date with your secretary, Peggy, wherein you agreed to extend the time to answer the original petition for two (2) weeks, on or before Thursday, December 21, 2000. If this comports with your understanding of our agreement, please sign in the space below and fax this letter back to us.

Thank you for your cooperation.

Very truly yours,

William L. Maynard

WLM/bb

AGREED:

_____  12-7-00
B. Buck Pettitt        Date

262995.1
#000630

# EXHIBIT D

CVisPDF - www.fasiso.com

OF COUNSEL:

Beirne, Maynard & Parsons, L.L.P.
John V. Treviño, Jr.
TBA No. 24003082
Federal I.D. No. 23860
1300 Post Oak Blvd.
Houston, Texas 77056
(713) 623-0887 Telephone
(713) 960-1527 Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Index of Matters Being Filed** has been served via certified mail, return receipt requested, on all known counsel of record on the 18th day of December 2000, as follows:

> B. Buck Pettitt
> Flores, Casso & Pettitt, LLP
> 321 South 12th Street
> P. O. Box 2128
> McAllen, TX 78505-2128

_____
John V. Treviño, Jr.

263977.1

# EXHIBIT D

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2000-11-004711-C          ORIGINAL

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: SOUTHWEST AIRLINES, CO.
    SERVING IT: REGISTERED AGENT
    MR. HERBERT C. KELLEHER
    2702 LOVE FIELD DRIVE
    DALLAS, TEXAS 75235

the _____ DEFENDANT _____ , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on NOVEMBER 17, 2000 . A copy of same accompanies this citation.

The file number of said suit being No. 2000-11-004711-C.

The style of the case is:

GERVAIS WAGNER, M.D.
VS.
SOUTHWEST AIRLINES, CO.

Said petition was filed in said court by _____ HON. B. BUCK PETTITT
(Attorney for _____ PLAINTIFF _____ ), whose address is
P.O. DRAWER 2285 MCALLEN, TEXAS  78502-2285

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 17th day of NOVEMBER , A.D. 2000.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

_____ , Deputy
(BEN M. CAMPOS)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GERVAIS WAGNER, M.D. | § | |
| | § | |
| VS. | § | C. A. NO. B-00-189 |
| | § | |
| SOUTHWEST AIRLINES, CO. | § | |

## INDEX OF MATTERS BEING FILED

1.   Amended Civil Cover Sheet

2.   Amended Notice of Removal

    3.   State Court Docket Sheet

    4.   Plaintiff's Original Petition

    5.   Rule 11 Agreement

    6.   Copy of Service of Process

    7.   Index of Matters Being Filed

    8.   List of Counsel

Respectfully submitted,

_William L. Maynard /per Rfoth_

William L. Maynard
TBA No. 13295500
Federal I.D. No. 1301

ATTORNEY-IN-CHARGE FOR
DEFENDANTS SOUTHWEST
AIRLINES, INC.

263977.1

OF COUNSEL:

Beirne, Maynard & Parsons, L.L.P.
John V. Treviño, Jr.
TBA No. 24003082
Federal I.D. No. 23860
1300 Post Oak Blvd.
Houston, Texas 77056
(713) 623-0887 Telephone
(713) 960-1527 Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Index of Matters Being Filed** has been served via certified mail, return receipt requested, on all known counsel of record on the 18th day of December 2000, as follows:

B. Buck Pettitt
Flores, Casso & Pettitt, LLP
321 South 12th Street
P. O. Box 2128
McAllen, TX 78505-2128

John V. Treviño, Jr.

263977.1