

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GERVAIS WAGNER, M.D., Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-189 |
| SOUTHWEST AIRLINES, CO., Defendant | § § | |

## MOTION FOR REMAND TO STATE COURT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Gervais Wagner, M.D.**, Plaintiff herein, to file this Motion for Remand to State Court, and in support thereof would respectfully show unto this Court each of the following matters:

I.

The Plaintiff in this case is an individual passenger who was injured on a Southwest Airlines flight. He has brought his suit in State Court for recovery of damages based on negligence of the defendant. He has not asked for any damages based upon any statute or regulatory scheme.

II.

### There is No Complete Preemption

The Plaintiff's claims against Southwest Airlines are based on Texas tort law. It is the Defendant who has pled a defense under the Airline Deregulation Act. Absent a pleading

Gervais Wagner, M.D. v. Southwest Airlines, Co.
Motion for Remand to State Court
pg. 1 of 4 pgs.

by Plaintiff alleging a federal claim; a defense of preemption alone will not form a basis for federal question jurisdiction. See Wright, Miller & Cooper, Federal Practice and Procedure; Jurisdiction 3d § 3722.1.

The only way this Court can use Defendant's plea of preemption as a basis for federal question jurisdiction is to find that the Airline Deregulation Act grants complete preemption. Complete preemption has been denied when applied to the Airline Deregulation Act. Greer v. Federal Express, D.C.Ky., 1999, 66 F. Supp 2d, 870; Donkor v. British Airways Corp., D.C.Ny., 1999, 62 F. Supp. 2d 963. The Federal Aviation Act of 1958 contained a savings clause and did not afford preemption. Only the codification under the Airline Deregulation Act afforded preemption. Complete preemption does not exist under the Airline Deregulation Act. Therefore, Defendant must fail in its attempted removal because of the lack of complete preemption.

III.

### Texas Courts Have Denied Preemption

The Supreme Court of Texas in Continental Airlines, Inc. v. Kiefer, et al., 920 S.W.2d 274 (Tex. 1996) has specifically ruled that, in Texas, negligence claims are not preempted by the Airline Deregulation Act. The Court stated: "Fundamentally, the purpose of ADA preemption is not to absolve airlines from all liability under state law, but to prohibit state regulation of air carriers, direct or indirect. . . Common-law negligence actions to recover damages for personal injuries do not impinge in any significant way on Congress' concern.

Gervais Wagner, M.D. v. Southwest Airlines, Co.
Motion for Remand to State Court
pg. 2 of 4 pgs.

Such actions did not impair federal regulation before the ADA, and we do not see how they impair deregulation since." *Continental Airlines* at 282.

## IV.

## Conclusion

Because the Aviation Deregulation Act is not entitled to complete preemption which would allow federal question jurisdiction; and in light of the specific Texas Supreme Court holding, this cause should be remanded to State Court.

**WHEREFORE,** the Plaintiff in this case respectfully prays that his Motion for Remand to State Court be granted, that this Court remand this case to the 197th Judicial District Court of Cameron County, Texas, under its original cause number of 2000-11-4711-C, and he further prays for such other and further general and special relief to which he may show himself justly entitled.

Respectfully submitted,

**FLORES, CASSO & PETTITT, L.L.P.**
321 South 12th Street
P. O. Box 2128
McAllen, Texas   78505-2128
(956) 686-9591
(956) 686-9478 [fax]

By: _____
   B. Buck Pettitt
Southern District of Texas I.D. No. 1050
Texas State Bar No. 15863000

**COUNSEL FOR PLAINTIFF**

*Gervais Wagner, M.D. v. Southwest Airlines, Co.*
Motion for Remand to State Court
pg. 3 of 4 pgs.

## CERTIFICATE OF CONFERENCE

The undersigned hereby confirms that he has conferred with Mr. William L. Maynard, attorney for Defendant, and Defendant opposes this Motion.

_____
B. Buck Pettitt

## CERTIFICATE OF SERVICE

A true copy of this instrument was served in accordance with the Federal Rules of Civil Procedure on the ____4th____ day of January, 2001.

_____
B. Buck Pettitt

*Gervais Wagner, M.D. v. Southwest Airlines, Co.*
Motion for Remand to State Court
pg. 4 of 4 pgs.