


```
                                              United States District Court
                                              Southern District of Texas
                                                     FILED
         UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF TEXAS         APR 0 2 2001
              BROWNSVILLE DIVISION
                                              Michael N. Milby
                                               Clerk of Court
```

| | | |
|---|---|---|
| GERVAIS WAGNER, M.D., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-189 |
| | § | |
| SOUTHWEST AIRLINES, CO., | § | |
| Defendant | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN (RULE 26f)

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **B. Buck Pettitt, counsel for Plaintiff, and Pamela A. Clark, counsel for Defendant, conferred via telephone and e-mail on March 30, 2001.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   **None.**

3. <u>Briefly</u> describe what this case is about.

   **On or about November 25, 1998, Plaintiff GERVAIS WAGNER, M.D. was traveling from Houston to Harlingen, Cameron County, Texas, on an airline ticket purchased from Defendant SOUTHWEST AIRLINES, CO. While Plaintiff was on route to Harlingen, Texas, on Southwest Airlines Flight #1370, Plaintiff alleges he heard a continuous noise which lasted the duration until the flight landed. This high pitch sound allegedly caused Plaintiff's ear injuries.**

4. Specify the allegation of federal jurisdiction.

**Defendant Southwest removed this matter to federal court asserting federal question jurisdiction. It is Southwest's position that the United States Congress, through the enactment of the Federal Aviation Act of 1958 and numerous regulations implementing the Act, has evidenced its preemptive intent regarding aviation maintenance issues by promulgating a uniform and exclusive system of federal regulations for aviation.**

5. Name the parties who disagree and the reasons.

**Plaintiff disagrees that Airlines Deregulation Act (without Plaintiff alleging a federal claim) preempts state law for federal question jurisdiction.**

**Southwest denies that it was negligent in maintaining or operating its aircraft.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None known.**

7. List anticipated interventions.

**None known.**

8. Describe class-action issues.

**None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The parties anticipate making their initial disclosures within the time frame provided by Rule 26(a).**

10. Describe the proposed agreed discovery plan, including:

    1. Responses to all matters raised in Rule 26(f).

    **No departure from the discovery procedures provided in the Federal Rules or other court order is necessary at this time. The parties anticipate conducting discovery on all issues alleged in the complaint.**

    2. When and to whom the Plaintiff anticipates it may send interrogatories.

    **Southwest Airlines representative within thirty (30) days.**

    3. When and to whom the Defendant anticipates it may send interrogatories.

    **Southwest has previously served its interrogatories.**

    4. Of whom and by when the Plaintiff anticipates taking oral depositions.

    **Sheldon Weisfeld, Dwayne Green, Defendant's representative, fact witnesses and designated experts by September 1, 2001.**

    5. Of whom and by when the Defendant anticipates taking oral depositions.

    **Plaintiff, all fact witnesses Plaintiff designates, and expert witnesses.**

    6. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    **August 1, 2001.**

13. State the date the planned discovery can reasonably be completed.

    **Within six months.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties are willing to engage in mediation following initial discovery and depositions.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Parties will attempt to expedite discovery and evidence matters.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such technique may be effectively used in this case.

    **Mediation following initial discovery and depositions.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties are not in agreement regarding proceeding before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **No.**

19. Specify the number of hours it will take to present the evidence in this case.

    **Plaintiff's case - 5 hours**
    **Defendant's case - 2 days**

20. List pending motions that could be ruled on at the initial pre-trial and scheduling conference.

    **Plaintiff's Motion for Remand.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| **B. Buck Pettitt** | **William L. Maynard** |
| FLORES, CASSO & PETTITT, LLP | BEIRNE, MAYNARD & PARSONS, LLP |
| 321 South 12th Street | 1300 Post Oak Blvd., Suite 2400 |
| P. O. Box 2128 | Houston, Texas 77056 |
| McAllen, Texas 78505-2128 | (713) 623-0887 |
| (956) 686-9591 | (713) 960-1527 [fax] |
| (956) 686-9478 [fax] | Texas State Bar No. 13295500 |
| Texas State Bar No. 15863000 | Southern Dist. of Texas No. 1301 |
| Southern Dist. of Texas No. 1050 | |

_/s/ Buck Pettitt_

_William L. Maynard/ with permission Pamela A. Clark_
TBN 24007002
Southern Dist. of Texas No. 23061

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded, via certified mail, return receipt requested, to:

Mr. William L. Maynard
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas   77056-3000

this 2nd day of April, 2001.

_____
B. Buck Pettitt