*13*

United States District Court
Southern District of Texas
ENTERED

APR 1 7 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Gervais Wagner, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-189 |
| | § | |
| Southwest Airlines, Co., | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on April 16, 2001, the Court considered the Plaintiff's Motion to Remand [Dkt. No. 6] and the Defendant's Opposition thereto [Dkt. No. 10]. For the following reasons, the Court **GRANTS** the motion.

### I.    Introduction

Dr. Wagner brought suit in the 197th Judicial District Court of Cameron County, Texas, alleging that Southwest Airlines failed to properly adjust "door stops" on the over-wing exit on an aircraft on which he was a passenger. He claims that the negligent maintenance of such aircraft resulted in a continuous, high-pitched noise which caused him to suffer ear injuries.

Southwest Airlines subsequently removed this action to this Court alleging federal question jurisdiction. It contended that Congress has evidenced the preemptive intent of the Federal Aviation Act of 1958 and numerous regulations implementing it. Southwest Airlines argued that this uniform scheme encompasses maintenance for aircraft, the subject of this lawsuit, and as such, this suit is properly in federal court under federal question jurisdiction.

Dr. Wagner asked this Court to remand this action back to state court, arguing that his claims are not preempted. Dr. Wagner asserts that his claims sound in Texas tort law only, and that he does not bring any claims based on a federal regulatory

scheme.  As such, there is no federal question jurisdiction, and this Court lacks subject matter jurisdiction over this action.

## II.    The Law

The Federal Aviation Act of 1958 ("FAA") on which Southwest Airlines relies for its preemption argument was amended by the Airline Deregulation Act of 1978 ("ADA").[1]  The relevant section, 49 U.S.C. § 41713, states in pertinent part:

> "A State... may not enact or enforce a law... having the force and effect of law related to a price, route or service of an air carrier that may provide air transportation...."  See Lewis v. Continental Airlines, Inc., 40 F.Supp.2d 406, 409 (S.D.Tex. 1999).

Later, Congress determined that efficiency, innovation, low prices, variety and quality would be promoted by reliance on competitive market forces rather than pervasive federal regulations.  Hence, Congress enacted the ADA in 1978 to dismantle federal economic regulation.  See Hodges v. Delta Airlines, Inc., 44 F.3d 334, 335 (5th Cir. 1995).

To prevent the States from frustrating this goal of deregulation by establishing economic regulations of their own, Congress enacted the precursor to 49 U.S.C. § 41713,  49 U.S.C.App. § 1305(a)(1), which preempted the States from enforcing any laws relating to routes, rates or services of any carrier.  See id., citing Morales v. Trans World Airlines, Inc., 504 U.S. 374, 385-87, 112 S.Ct. 2031, 2037-39, 119 L.Ed.2d 157 (1992).  Consequently, state enforcement actions having a connection with airline price, route or service are broadly preempted under 49 U.S.C. § 41713.  See id. at 336.

"Services" as interpreted throughout the history of the ADA has come to mean the contractual arrangement between the airline and the user of the service.  Elements

---

[1] Although not referenced by the Parties, the ADA was again amended in 1994 by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), and codified as 49 U.S.C. § 40101 et seq.  See Cartegena v. Continental Airlines, Inc., 10 F.Supp.2d 677, 678 (S.D. Tex. 1997).

2

of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself. As such, these matters are necessarily included with the contract of carriage between the passenger and the airline. It is these contractual features of air transportation that Congress intended to de-regulate as "services" and to protect broadly from state regulation. Id. The Fifth Circuit has adhered to this definition. Id.

Despite Congressional intent to preempt state laws which interfere with airline services, the Supreme Court has acknowledged that there may be some state actions that affect airlines in too tenuous, remote or peripheral a manner to be preempted. See id., citing Morales, 504 U.S. at 390, 112 S.Ct. at 2040. Thus, federal preemption of state laws does not displace state tort actions for personal physical injuries caused by the operation or maintenance of aircraft. Id. at 336. For example in Hodges, a passenger brought state law claims for damages based on an airline's alleged negligence in allowing the overhead storage of a case of rum that fell on her, cutting her arm and wrist. The Fifth Circuit ruled that her claim was not preempted by the ADA because her negligence claims had no specific reference to airline services. Id. at 340.

In coming to this conclusion, the Fifth Circuit reasoned that Congress did not intend to preempt all state claims for personal injury by recognizing the existence of an ADA section requiring air carriers to maintain insurance for bodily injury liability stemming from the operation or maintenance of aircraft. See 49 U.S.C. § 41112 (formerly 49 U.S.C. § 1371(q)); id. at 338. Complete preemption of state law, therefore, would have rendered any requirement of insurance coverage nugatory. Id. at 338.

## III.    Application

As in Hodges, the question in this case is the breadth of the express preemption of state law by 49 U.S.C. § 41713. The determination of this inquiry becomes whether the facts in question fall within the scope of "services" that was deregulated.

When it enacted the ADA to deregulate the airline industry, Congress was concerned that individual States' laws would hamper the effect market competition

3

would have on the industry, such that State laws relating to "services" was preempted. However, the Fifth Circuit has determined that the ADA's provision preemption state laws related to "services" did not include claims for personal physical injuries caused by the operation or maintenance of aircraft, and has allowed suits for various tort claims. See discussion of Hodges in Section II of this Order; see also Smith v. America West Airlines, Inc., 44 F.3d 344, 347 n. 2 (5th Cir. 1995)(the ADA's express preemption of state law claims relating to an airline's services did not preempt claims that certain passengers' safety had been jeopardized by airline's negligence in permitting a visibly deranged hijacker to board the aircraft). Dr. Wagner's claim for damages from negligent maintenance causing ear injuries is clearly not what was contemplated by Congress. Therefore, this Court finds that Dr. Wagner's claim based upon negligent maintenance of a Southwest Airlines aircraft is not preempted by the ADA.

Southwest Airlines cites non-binding caselaw from the First and Third Circuits to attempt to persuade the Court that Dr. Wagner's claims are preempted. However, this Court is bound by the Fifth Circuit, which has explicitly held that personal injury tort claims akin to that brought by Dr. Wagner does not come within the purview of the preemption provision.

In addition, the one Fifth Circuit case, Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997), that Southwest Airlines cites states itself that the ADA did not preempt all state claims for personal injury. See 117 F.3d at 929, n.15. In addition, in that opinion the Fifth Circuit specifically limited its holding to negligent losses of shipment. See id. Thus, the Fifth Circuit case relied upon by Southwest Airlines is patently distinguishable from this instant matter, in which Dr. Wagner is suing for personal injuries from the negligent maintenance of the aircraft.

Although Fifth Circuit precedent is clear that the ADA did not displace state tort actions for personal physical injuries caused by the operation and maintenance of aircraft, this Court recognizes that the Fifth Circuit has not decided whether the Federal Aviation Administration safety regulations may exert some preemptive effect over these claims. See Smith v. America West Airlines, Inc., 44 F.3d 344, 347 n. 2 (5th Cir. 1995),

4

Hodges, 44 F.3d at 340, n. 13. However, "caselaw refutes the idea that aviation is generally a field of complete preemption." See Johnson v. Baylor Univ., 214 F.3d 630, 634 (5th Cir. 2000). Moreover, Southwest Airlines cites no binding caselaw, and the Court has found no such caselaw, which would support a finding that federal safety regulations would preempt Dr. Wagner's personal injury tort claim. Therefore, this Court remains bound to adhere to the teachings of analogous Fifth Circuit precedent.

Finally, it is logical to conclude that Dr. Wagner's claim for ear injuries was not intended by Congress to be preempted because of the ADA's requirement that air carriers maintain insurance for claims for bodily injury. Otherwise, preemption of Dr. Wagner's claim would render the requirement of insurance coverage nugatory.

## IV.    Conclusion

State laws that relate to "services" are preempted by the ADA. However, Congress intended only to preempt those laws that would frustrate the ADA's purpose of economic deregulation. Thus, state tort laws for personal injury were unaffected by the ADA's preemption provision. Therefore, Dr. Wagner's claim for ear injuries is not preempted by the ADA, as it relates to the services of Southwest Airlines in too tenuous, remote or peripheral a manner to be preempted.

Therefore, the Court **GRANTS** the Plaintiff's Motion to Remand [Dkt. No. 6] and hereby **REMANDS** this case to the 197th Judicial District Court of Cameron County, Texas. The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like.

DONE at Brownsville, Texas, this 16th day of April 2001.

Hilda G. Tagle
United States District Judge

5